UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEODEGARIO D. SALVADOR,

                Plaintiff,

    v.

TOURO COLLEGE, TOURO UNIVESITY,
JACOB D. FUCHSBERG LAW CENTER,
DR. ALLAN KADISH, LAWRENCE RAFUL,
SUSAN THOMPSON, DANIEL DERBY, PAULA
KUTCH, MICHELE KAMINSKI, YELENA
ELKINA, PROVOST, and BOARD OF
GOVERNORS

                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-4203 (JMA) (AYS)

**FILED**
**CLERK**
9/18/2017 4:43 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**Appearances:**

Leodegario D. Salvador
2770 S. Maryland Pkwy – Suite 506
Las Vegas, NV 89109
      *Pro se plaintiff*

Michael B. Newman
500 Seventh Avenue – Fourth Floor
New York, NY 10018
      *Attorney for defendants*

**AZRACK, United States District Judge:**

      Plaintiff Leodegario D. Salvador, proceeding pro se, advances both state law claims and claims pursuant to 42 U.S.C. § 1983 arising from his enrollment in the Master of Laws program at the Touro College Jacob D. Fuchsberg Law Center. Plaintiff previously brought identical state law claims in a New York state court action against Touro College and Touro College Jacob D. Fuchsberg Law Center, but not against the other defendants. The state court dismissed all of plaintiff's claims pursuant to New York Civil Practice Law and Rules 3211(a)(1) and (a)(7).

      Defendants now move to dismiss the complaint in its entirety, arguing that all of plaintiff's state law claims are barred by the doctrines of res judicata or collateral estoppel or,

1

alternatively, that all of plaintiff's state law claims should be dismissed for failure to state a claim. Defendants also maintain that plaintiff has failed to allege any state action sufficient to state a claim under § 1983. Defendants further argue that plaintiff has not properly served any of the individual defendants. Finally, defendants have moved to compel arbitration.

For the reasons that follow, the Court grants defendants' motion to dismiss plaintiff's state law claims on res judicata grounds and grants defendant's motion to dismiss plaintiff's § 1983 claim for failure to state a claim. The Court does not reach defendants' remaining arguments.

## I.   BACKGROUND

The following facts are drawn from plaintiff's complaint and the numerous exhibits annexed thereto. All of plaintiff's allegations are assumed to be true for the purpose of this motion.

In his complaint, plaintiff makes extensive reference to—and appears to assume familiarity with—the decisions in his prior case in New York state court. Plaintiff has submitted the relevant state court decisions as Exhibit 14 to his complaint. Because plaintiff's complaint does not attempt to set forth a stand-alone account of his allegations and, in fact, is incoherent absent extensive reference to the state court decisions, the Court refers to the summary of plaintiff's allegations as set out in the state court decisions.

As explained below, all of plaintiff's state court claims are barred by the doctrine of res judicata and plaintiff has failed to allege any action taken under color of state law sufficient to support his claim under § 1983. Accordingly, the following factual and procedural history is somewhat abbreviated.

### A. Plaintiff's Allegations

Plaintiff is a citizen of the Philippines but has lived in the United States for more than two decades. (See Compl. ¶ 12.) Plaintiff received an "online Juris Doctor degree at Novus University" and, on January 14, 2011, applied to the Masters of Law ("LL.M.") program at Touro College Jacob D. Fuchsberg Law Center ("Touro Law"). (See id. ¶ 8; see also Compl. Ex. 5.) Touro Law maintains two LL.M. programs: a general program for graduates of accredited law schools based in the United States and a separate program for graduates of foreign law schools. (Id.; see also Decision of the Appellate Division, First Department, dated March 17, 2016 ("1st Dep't Dec."), Compl. Ex. 14.)

Plaintiff submitted a number of documents in support of his application, but did not include a transcript from Novus University. (See generally Compl; see also 1st Dep't Dec. 3–4.) Plaintiff was interviewed for admission by Professor Daniel Derby, who mistakenly believed that Novus University was a foreign law school based in the Philippines and, therefore, that plaintiff was eligible for Touro Law's LL.M. program for graduates of foreign law schools. (Compl. ¶ 34; see also 1st Dep't Dec. 3–4.) In fact, Novus University is an unaccredited online university based in the United States, and plaintiff's degree from Novus, thus, did not qualify him for either of the LL.M. programs offered by Touro Law. (See 1st Dep't Dec. 3–4.)

On January 21, 2011, plaintiff received a formal letter indicating that he had "been accepted to Touro's LL.M. program for graduates of foreign law schools" and providing instructions concerning the actions necessary for plaintiff to matriculate. (Compl. Ex. 1.) Plaintiff then enrolled in the LL.M. program for graduates of foreign law schools and "took classes during the spring 2011, summer 2011, and fall 2011 semesters, reaching the 27-credit graduation requirement in time for January 2012 graduation." (See 1st Dep't Dec. 3.)

3

Plaintiff did not submit his Novus University transcript until April 2011. (Id.) Plaintiff alleges that he was not told until January 2012 that Touro Law would not award him an LL.M. because he did not qualify for either LL.M. program. (Id.) Plaintiff appears to have acknowledged, however, that he had had a conversation with Professor Derby in September 2012 concerning the status of his enrollment, although he denies that he was told at that time that he was ineligible for a degree. (Id. at 4.) When Touro Law refused to award plaintiff a degree, he commenced a suit in state court.

### B. Plaintiff's Prior Suit in State Court

On June 6, 2012, plaintiff brought a state court action against Touro College and Touro College Jacob D. Fuchsberg Law Center. (See New York County Supreme Court Decision, dated October 15, 2014 ("Sup. Ct. Dec."), Compl. Ex. 14.) Plaintiff sought (1) a judgment pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") Article 78 compelling Touro Law to award him an LL.M. degree and (2) money damages on his claims for breach of contract, fraudulent inducement, negligence, and negligent misrepresentation. (See 1st Dep't Dec. 2.)

Defendants in the state law case moved to dismiss plaintiff's complaint, arguing that dismissal was warranted both based on Touro Law's "Student Handbook"—which was received by the court as documentary evidence—and because the complaint failed to state a cause of action, under C.P.L.R. 3211(a)(1) and (a)(7), respectively.[1] (See Sup. Ct. Dec. 2.) Among other things, the Student Handbook states that "no contract rights exist or are established in the student-educational setting" and "disclaims any liability in tort as well as contract." (See Sup. Ct. Dec. 4.)

---

[1] C.P.L.R. 3211 sets out the grounds for motions to dismiss in New York state court. In relevant part, C.P.L.R. 3211(a)(1) provides an avenue to seek dismissal based on "a defense [that] is founded upon documentary evidence" and C.P.L.R. 3211(a)(7) provides an avenue to seek dismissal where "the pleading fails to state a cause of action."

4

Justice Eileen Rakower of the Supreme Court granted the motion to dismiss plaintiff's claim for negligence pursuant to C.P.L.R. 3211(a)(7), finding that claim to be "based upon an alleged breach of care in administering [Touro Law's] LL.M. program, specifically with the hiring, retaining, and supervising of staff, and as such, sounds in educational malpractice, which is not recognized under New York law." (Id. at 8.) Justice Rakower denied the remainder of the motion to dismiss and, in particular, found that the submitted Student Handbook "does not flatly contradict the legal conclusions and factual allegations of the complaint as to warrant dismissal as a matter of law." (Id. at 10.)

Defendants appealed the denial of their motion to dismiss the remaining claims to the First Department, which reversed Justice Rakower's decision and granted the "motion dismiss the causes of action for breach of contract, fraudulent inducement, and negligent misrepresentation." (1st Dep't Dec. 10–11.)

With respect to the claim for breach of contract, the First Department held that, "even assuming . . . an implied contract might have been formed here, a school has the authority to rescind a student's admission or to dismiss a student from the school, even after course work has begun or been completed, where there were material misrepresentations in the student's application." (Id. at 8.) The First Department further found that petitioner "omitted the critical fact that the school from which he had received his J.D. degree was not a foreign law school" and "allowed [Touro Law] to proceed with his admission knowing that they harbored a misconception regarding the nature of the institution that had awarded him a J.D. degree." (Id. at 8–9.) The First Department concluded that, "[p]ursuant to the school's code of conduct, the terms of the application[,] and the law[,] the school had no contractual obligation to award a degree under these circumstances." (Id. at 9.) The First Department did not specify whether it

5

found that the breach of contract claim should have been dismiss pursuant to C.P.L.R. 3211(a)(1) or (a)(7), but the Court construes the First Department as holding that dismissal was warranted based on at least 3211(a)(1), since the First Department explicitly referenced documentary materials submitted by the defendants.

With respect to the claim for fraudulent inducement, the First Department held that plaintiff's "allegations do not give rise to a reasonable inference that Touro Law was aware of the falsity of any implied agreement to confer an LL.M. degree." (Id. at 9–10.) The First Department did not specify whether it relied on C.P.L.R. 3211(a)(1) or (a)(7) but, since it did not clearly rely on the submitted documentary materials in addressing this claim, the Court construes its decision as resting on 3211(a)(7).

With respect to the claim for negligent misrepresentation, the First Department found dismissal to be warranted because such a claim "fails in the absence of a special relationship requiring a duty of full and complete disclosure." (Id. at 10 (internal quotations, citations, and alterations omitted).) The First Department did not specify whether it relied on C.P.L.R. 3211(a)(1) or (a)(7) but, since it did not clearly rely on the submitted documentary materials, the Court construes that decision as resting on 3211(a)(7).

### C. The Instant Suit

Plaintiff filed the instant suit on July 28, 2016. (See Compl.) Plaintiff named all of the same defendants as in his original state court suit, as well as a number of individual defendants, all of whom appear to have been employees of Touro Law during the relevant time period. (Id.) As noted above, the complaint makes extensive reference to the state court proceedings and does not attempt to present a coherent narrative absent reference to those earlier proceedings. The Court thus treats plaintiff as advancing allegations that are duplicative of those contained in his state court complaint, with one exception.

6

The only additional substantive allegations in the instant complaint concern plaintiff's federal student loans. For instance, the complaint includes the following statements (including apparently rhetorical questions), which are reproduced below without alteration:

> Can the administrators freely destroy the character and credit of their students on the basis of returning back a Federal student loans? The dates of paying back the loan also need to be presented in Court for which a subpoena duces tecum is needed. The dates were manipulated. (Compl. ¶ D (page 4).)
>
> Can the plaintiff file a criminal case for Touro administrators' manipulations of the Federal Student Loans? (Compl. ¶ L (page 6).)
>
> To reiterate, one of the federal questions that is addressed to this Honorable Court is whether the administrators of Touro, a university and colleges (collectively hereinafter called defendants), and are recipients of federal government grants and loans, can return back a federal student loan that a student used to pay his tuition which was obtained and approved on the basis of his acceptance on the school's LL.M. program and after more than a year that he finished the program. (Compl. ¶ 4 (page 7).)
>
> Since, the school left the student still owing FAFSA loan amounting to $8,500, this means that the school still classified him as matriculated student as only matriculated student can get a Federal Student loans. With the school action, to pay the tuition of the student loans, who did not ask them to do so, is not definitely the student fault. (Compl. ¶ 4 (page 8).)

The Court construes the numerous allegations concerning federal student loans as an attempt to allege actions taken under color of state law, as required to state a claim under § 1983. Notably, plaintiff makes no allegations concerning any connection between defendants and any <u>state</u> actor—he points only to Touro Law's receipt of <u>federal</u> funds.

## II.   DISCUSSION

### A. Defendants' Motion to Dismiss Plaintiff's State Law Claims

Defendants move to dismiss all of plaintiff's state law claims under the doctrines of res judicata and collateral estoppel.  For the reasons that follow, the Court grants defendants' motion under the doctrine of res judicata and need not reach the issue of collateral estoppel.

#### 1.  Applicable Standard for the Doctrine of Res Judicata

"The doctrine of res judicata, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  "All litigants, including pro se plaintiffs, are bound by the principles of res judicata."  Done v. Wells Fargo Bank, N.A., No. 08-cv-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009).

"Under 28 U.S.C. § 1738, federal courts are required to give preclusive effect to state court judgments whenever the courts of that state would do so."  Ortiz v. Russo, No. 13-cv-5317, 2015 WL 1427247, at *6 (S.D.N.Y. Mar. 27, 2015) (citing Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997)); see also Allen v. McCurry, 449 U.S. 90, 95–96 (1980)); McCoy v. Transp. Int'l Pool, Inc., No. 12-cv-273, 2012 WL 1416935, at *2 (E.D.N.Y. Apr. 23, 2012).  The Court therefore looks to New York state law to determine the scope and applicability of the doctrine of res judicata.

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions.'"  People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (N.Y. 2008) (citing Siegel, N.Y. Prac. § 447 (4th Ed.)).  A subsequent claim based on the "same transaction or series of connected transaction" is thus barred "if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and

(ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." Id. (citing Gramatan Home Invs. Corp. v Lopez, 46 N.Y.2d 481, 485 (N.Y. 1979)). A party who was not named in the first action but was in privity with a defendant in that earlier action may also invoke the doctrine of res judicata in a subsequent action by the same plaintiff. See Bayer v. City of N.Y., 115 A.D.3d 897, 899 (App. Div. 2d Dep't 2014) (dismissing a subsequent case under res judicata "notwithstanding the fact that the causes of action and legal theories alleged here are different from those alleged in the [earlier] action" and that "some of the defendants are different").

Here, it is clear that plaintiff was a party to the prior action. Accordingly, the remaining inquiries before this Court are (a) whether the earlier action constituted a valid, final adjudication on the merits, (b) whether all parties invoking the doctrine were in privity with a party to the prior action; and (c) whether the claims are based upon of the same transaction or series of connected transactions. The Court first sets out the relevant standards relevant to each of these inquiries and then applies them to the facts of the instant suit.

### a. Adjudication on the Merits

#### i. C.P.L.R. 3211(a)(7)

As another district court in this circuit recently noted, "a dismissal pursuant to N.Y. C.P.L.R. 3211(a)(7) for failure to state a cause of action is generally considered not on a case's merits." CVR Energy, Inc. v. Wachtell, No. 14-cv-6566, 2016 WL 1271686, at *4 (S.D.N.Y. Mar. 29, 2016). That being said, "New York courts usually do not apply this rule where a dismissal was not merely because of technical pleading defects." Id. (citing Feigen v. Advance Capital Mgmt. Corp., 146 A.D.2d 556, 558 (App. Div. 1st Dep't 1989); Strange v. Montefiore Hosp. & Med. Ctr., 59 N.Y.2d 737, 738 (N.Y. 1983)).

9

Thus, where a dismissal pursuant to C.P.L.R. 3211(a)(7) is based on a legal determination that a plaintiff cannot remedy by repleading the same cause of action, the earlier decision constitutes an "adjudication on the merits" with res judicata effect. See Grant v. Aurora Loan Servs., 88 A.D.3d 949, 950 (App. Div. 2d Dep't 2011) (finding that dismissal pursuant to 3211(a)(7) barred subsequent action because the material facts were undisputed and established that plaintiff had no "cause of action"); Flynn v. Sinclair Oil Corp., 20 A.D.2d 636, 636–37 (App. Div. 1st Dep't 1964) (concluding that "this second action is barred on the ground of res judicata" because the "plaintiff's complaint is virtually identical to one previously dismissed for failure to state a cause of action"); see generally Strange, 59 N.Y.2d at 738 ("[T]he prior judgment [need not] contain the precise words 'on the merits' in order to be given res judicata effect; it suffices that it appears from the judgment that the dismissal was on the merits.").

## ii. *C.P.L.R. 3211(a)(1)*

New York law concerning dismissals pursuant to C.P.L.R. 3211(a)(1) is much more straightforward: "the grant of a motion to dismiss under C.P.L.R. 3211(a)(1) has the effect of a final judgment on the merits." Singer v. Boychuk, 194 A.D.2d 1049, 1051 (App. Div. 3d Dep't 1993) (citing Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, C.P.L.R. C3211:66, at 95–96); see also Basalel v. Youni Gems Corp., 95 A.D.3d 914, 915 (App. Div. 2d Dep't 2012); Town of Southampton v. Portman, 52 A.D.3d 819, 819 (App. Div. 2d Dep't 2008).

### b. Privity

The New York Court of Appeals has acknowledged that privity is "an amorphous concept." See Buechel v Bain, 97 N.Y.2d 295, 304 (N.Y. 2001). In general, a finding of privity between an entity that was not party to an action and one that was requires that "the interests of the nonparty must have been represented by a party in the prior proceeding." Id. Thus, "persons

10

in privity include those 'whose interests are represented by a party to the previous action and those whose own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation.'" Bayer, 115 A.D.3d at 898 (quoting D'Arata v New York Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 664 (N.Y. 1990)).

In situations where a subsequent action names the original defendant's employees for the first time, New York courts have made clear that those employees are "entitled to rely upon the beneficial disposition of the [earlier] action." Bayer, 115 A.D. at 899 (citing Perry v. Costa, 97 A.D.2d 655, 655–656 (App. Div. 3d Dep't 1983).

### c. Same Transaction

The third requirement is that the subsequent action arises "out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding." Bayer, 115 A.D.3d at 898 (quoting Abraham v. Hermitage Ins. Co., 47 A.D.3d 855 (App. Div. 2d Dep't 2008).) Thus, the "fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims." Id.

### 2. Plaintiff's State Law Claims are Barred by Res Judicata

All three requirements for the application of res judicata are satisfied here, and all of plaintiff's state law claims are therefore dismissed.

First, the state court's dismissal of plaintiff's earlier case pursuant to C.P.L.R. 3211(a)(1) and (a)(7) constituted an adjudication on the merits under New York law. With respect to the dismissal of the breach of contract claim pursuant to C.P.L.R. 3211(a)(1), it is well-established under New York law that such determinations constitute adjudications on the merits. See, e.g., Singer, 194 A.D.2d at 1051.

11

That conclusion is similarly inescapable with respect to the dismissal of the negligence, fraudulent inducement, and negligent misrepresentation claims pursuant to C.P.L.R. 3211(a)(7) because the state court's decision was not predicated on a mere pleading defect. The state court found that plaintiff's negligence claim failed because it "sound[ed] in educational malpractice, which is not recognized under New York law." (Sup Ct. Dec. 8.) The state court found that plaintiff's claim for fraudulent inducement failed because, even assuming the existence of a contract to award an LL.M. degree, it was not reasonable to infer that the defendants were aware of the falsity of such a promise given plaintiff's material misrepresentations. (See 1st Dep't Dec. 9–10.) The state court found that plaintiff's claim for negligent misrepresentation failed because there was no "special relationship requiring a duty of full and complete disclosure." (Id. at 10.) These defects are fatal and cannot be remedied by a mere repleading. Moreover, plaintiff did not even attempt to replead these claims in the instant action to avoid these defects, opting instead to regurgitate the same arguments and urging this Court to reverse or alter the New York state court's decision.

Second, the parties in the instant action are in privity with the parties in the earlier New York state action. Indeed, the same plaintiff brought both cases, and the defendants are largely the same with the exception of the addition of a handful of employees of Touro Law who are, under well-established New York law, in privity with their employer for these purposes. See Bayer, 115 A.D.3d at 898.

Third, the instant action clearly concerns the "same transaction or series of transactions" that formed the basis of plaintiff's state law suit. Id. Not only does plaintiff refer to the same series of events, he also makes extensive reference to his previous New York state case,

12

indicating that he seeks the opportunity to re-litigate the state court's determination of his claims arising out of this series of events.

Because all the requirements of the doctrine of res judicata are satisfied here, the Court grants defendants' motion to dismiss plaintiff's state law claims.[2]

### B. Defendants' Motion to Dismiss Plaintiff's § 1983 Claim

Defendants have also moved to dismiss plaintiff's claim pursuant to 42 U.S.C. § 1983, which is advanced for the first time in this action. Because plaintiff has failed to make any allegations indicating that Touro Law acted under color of state law, plaintiff has failed to state a claim under § 1983 and that claim is dismissed.

#### 1. Standard for § 1983 Claims

In order to state a claim for a violation of a constitutional right pursuant to § 1983, a plaintiff "must demonstrate that the challenged conduct constituted state action." Prowisor v. Bon-Ton, Inc., 232 F. App'x 26, 28 (2d Cir. 2007) (citing Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir.2003)); see also Wright v. Malatesta & Paladino Const., No. 07-cv-3895, 2007 WL 2769590, at *1 (E.D.N.Y. Sept. 21, 2007) ("It is well settled that in order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that 'the conduct complained of must have been committed by a person acting under color of state law.'") (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).

Thus, the "ultimate issue in determining whether a person is subject to suit under § 1983 [is whether] the alleged infringement of federal rights [is] 'fairly attributable to the State[.]'" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Where contested conduct "'ultimately turn[ed] on ... [a] judgment made by [a] private part[y] according to . . . standards

---

[2] Even if res judicata did not bar plaintiff's state law claims, the Court would dismiss all of those claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for many of the same reasons set out in the First Department's well-reasoned decision.

13

that were not established by the state,' that conduct "cannot be state action." Albert v. Carovano, 851 F.2d 561, 571 (2d Cir. 1988) (quoting Blum v. Yaretsky, 457 U.S. 991, 1008 (1982)). Indeed, the Supreme Court has held that the fact that a private educational institution receives state funds is insufficient, without more, to qualify that institution's actions as occurring "under color of state law." Rendell-Baker, 457 U.S. at 838.

### 2. Plaintiff Has Failed to Allege Any Action Taken Under Color Of State Law

Here, plaintiff utterly fails to allege any action taken under color of state law. He does not allege that Touro Law is a state entity, that any government entity exerts any control over the decision making processes at Touro Law, or even that Touro Law receives any state funds. Indeed, plaintiff apparently attempts to predicate his § 1983 claim on allegations concerning Touro Law's receipt of federal funds. This is clearly inadequate.[3] Plaintiff's § 1983 claim is therefore dismissed for failing to allege any action taken under color of state law.

### III.   CONCLUSION

Defendants' motions to dismiss plaintiff's state law claims under the doctrine of res judicata and to dismiss plaintiff's § 1983 claim for failure to state a claim are therefore granted and plaintiff's complaint is dismissed in its entirety. The Court does not reach the remaining grounds upon which defendants have moved. The Court does not grant plaintiff leave to replead his complaint, and the clerk of court is directed to close the case.

**SO ORDERED.**

Date: September 18, 2017
Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge

---

[3] Although the issue is not before the Court, plaintiff's allegations are also inadequate to state a claim against a federal actor pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).